UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY FLORES,<br><br>    Plaintiff,<br>   v.<br><br>JOCELYN LARKINS,<br><br>    Defendant. | CASE NO. 2:24-cv-00359-TL<br><br>ORDER TO SHOW CAUSE |

This is an action brought under the Copyright Act regarding allegedly infringing videos uploaded to YouTube. The matter comes before the Court *sua sponte* (on its own motion), upon review of the record. Plaintiff Tony Flores filed a proposed action on March 14, 2024. Dkt. No. 1. Plaintiff's case is currently deficient in two ways.

First, a Notice of Filing Deficiency was mailed to Defendant on March 19, 2024, stating that Plaintiff had failed to file the required Patent/Trademark form. Dkt. No. 2. The form, Form AO-121, *Report on the Filing or Determination of an Action or Appeal Regarding Copyright,* is available on the Court's website. The Notice advised Plaintiff to correct this deficiency by filing

ORDER TO SHOW CAUSE - 1

the form with the Court as soon as possible. *Id.* To date, Plaintiff has failed to file the required Form AO-121.

Second, Plaintiff appears to have taken no action to serve the Defendant in this case. An application to proceed *in forma pauperis* (i.e., without payment of the filing fee) was granted on March 20, 2024 (Dkt. No. 3), and the Complaint was filed on the same day (Dkt. No. 4). Plaintiff does not appear to have requested summons. To date, no proof of service has been filed, and no defendant has appeared in this action. Indeed, there has been no activity in the case since Plaintiff signed up for e-filing and to receive electronic service on April 3, 2024. Dkt. No. 5.

Federal Rule of Civil Procedure 4(m) states that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This 90-day limit "does not apply to service in a foreign country," *id.*, but a plaintiff does not have "an unlimited time" for such foreign service; the Court may set a reasonable time limit. *See, e.g., Inst. Of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (expressing concerns about failure to serve foreign party and setting a deadline for such service). The Court may dismiss a case for a plaintiff's failure to prosecute their case. *See Ash v. Cvetkov*, 739 F.2d 493, 496–97 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); *see also* Fed. R. Civ. P. 41(b) (involuntary dismissal where a plaintiff fails to prosecute).

Here, more than ninety (90) days have elapsed since the complaint was filed. The Court notes that Defendant Jocelyn Larkins is allegedly "an individual who is physically located outside the United States" (Dkt. No. 4 ¶ 21), but Defendant's foreign location does not remove

Plaintiff's obligation to effect service. To date, no proof of service, appearance of Defendant, or other indication of service has been filed.

Accordingly, Plaintiff is DIRECTED to SHOW CAUSE, **within fourteen (14) days of this Order (*i.e.*, by September 26, 2024)**, why this case should not be dismissed without prejudice for failure to: (1) comply with the filing requirements as detailed in the Clerk of Court's May 19, 2024, Notice of Deficiency (Dkt. No. 2); (2) serve process; or (3) prosecute this action.

DATED this 12th day of September 2024.

Tana Lin
United States District Judge